

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

04 MAR 24 PM 2:18

RUDELL JONES
2311 LANGDON DRIVE
LOUISVILLE, KY 40242

V.S.                                                                CASE NO. 3:04-CV-174-H

MILLER PIPELINE CORPORATION
1907 NORTHWESTERN PARKWAY
LOUISVILLE, KY 40212

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Comes now the Plaintiff, Rudell Jones, by and through Counsel, Bethanni E. Forbush-Moss, and for his complaint against the Defendant, Miller Pipeline Corporation, states as follows:

### PRELIMINARY STATEMENT

1. This action arises from violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and the Kentucky Revised States § 344.040.

### JURISDICTION

2. This Court has subject matter jurisdiction of the federal claims pursuant to 28 U.S.C. § 1343 (a)(a) and 28 U.S.C. § 1331. This court has jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

### VENUE

3. The Plaintiff's claims described herein arose in Jefferson County, Kentucky, all within the judicial district designated as the Western District of Kentucky, Louisville Division. Accordingly, venue in this matter is placed in the judicial district designated as the Western District of Kentucky, Louisville Division, pursuant to 28 U.S.C. § 1391(a).

## PARTIES

4. The Plaintiff, Rudell Jones, is an African-American male citizen of the United States of America and resides at 2311 Langdon Drive, Louisville, KY 40242. The Plaintiff is currently unemployed and receives Social Security Disability Payments.

5. The Defendant, Miller Pipeline Corporation, is a business involved in providing various gas maintenance services to utilities companies. The main headquarters are located in Indianapolis, Indiana.

## FACTS & CLAIMS FOR RELIEF

6. The Plaintiff, Rudell Jones, was employed by the Defendant, Miller Pipeline Corporation, in April 2001 as a crew foreman. During his employment, the Plaintiff was inducted into the International Union of Operating Engineers, Local 181B. He was the only African American crew foreman employed by the Defendant at that time.

7. The Plaintiff, was denied equal employment opportunity, racially harassed and discriminated against by the Defendant and its agents and employees solely because of Plaintiff's race and color.

8. As a crew foreman, the Plaintiff was responsible for overseeing the installation and maintenance of both residential and business gas lines. Also, the Plaintiff provided supervision and training to one employee, his assigned helper.

9. The helper assists the crew foreman to complete his gas maintenance job responsibilities and a helper is necessary to ensure that the work assignments for any given day are completed.

10. As a crew foreman, your helper was a vital part of meeting necessary and required production levels. A helper could either help or hinder a crew foreman's performance.

11. When the Plaintiff was initially hired by the Defendant, it's agents and employees, he was informed that he could refer someone to the Superintendent for possible placement as a helper.

12. During the Plaintiff's stint with the Defendant, it's agents and employees, he did refer a couple of people to be his Helper, however the Defendant was never given the people he referred for the Helper positions. The other crew foremen were given the people they referred as Helpers.

13. Throughout the Plaintiff's employment he had five (5) helpers, none of whom he referred to the Defendant, it's agents and employees,.

14. Each Helper assigned to the Plaintiff failed to adequately perform their assigned tasks. One helper was continually late and slept on the job, one helper failed to wear the mandated safety gear, one helper was using drugs on the job, and one helper had friends come to the job site and play as opposed to working, all of which failed to follow the direction and lead of the Plaintiff.

15. In each instance the Plaintiff complained to the Defendant's agent superintendent with his concerns over the various helpers.

16. It took numerous complaints by the Plaintiff for any action to be taken by the Defendant, it's agents and employees, to deal with the inadequate helpers placed with the Plaintiff.

17. Whenever any other crew person complained about their helpers they were immediately replaced and/or terminated because the helper position was so crucial and affected the job performance of the crew foreman.

18. After the second helper was replaced, the Plaintiff was reprimanded about his production schedule and that he was not meeting the necessary requirements.

19. The Plaintiff raised concerns over the inadequate helpers and how at that point no other people he had referred were assigned to him as helpers.

30. The Plaintiff was disciplined for the number of helpers he went through whereas similar situated white employees were not.

31. The Plaintiff was disciplined for failing to meet his production levels with his helpers where as white similar situated employees were not.

32. The Plaintiff was continually not given permits as required whereas his white counterparts were provided permits for each job assignment.

33. The Plaintiff continually had tools missing from his truck and when it was reported, nothing happened, no one was disciplined and it continued to happen.

34. The Plaintiff was treated differently than white similar situated employees by the Defendant, its agents and employees, based on the Plaintiff's race and color with regard to promotional practices, disciplinary treatment, and racially harassed in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil rights Act of 1991.

35. The Plaintiff was treated differently than white similar situated employees by the Defendant, its agents and employees, based on the Plaintiff's race and color with regard to promotional practices and disciplinary treatment, all of which are all terms, conditions and privileges of employment in violation of Kentucky Revised Statutes Section 344.040.

## JURY DEMAND

Plaintiff request that their claims be tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully demands that this court enter the following relief:

A. Find and declare that the acts and conduct of the Defendant constitute unlawful racial discrimination in violation of the Federal Civil Rights Act of 1986 as amended by the Civil Rights Act of 1991.

B. Find and declare that the acts and conduct of the Defendant constitute unlawful racial discrimination in violation of the Kentucky Revised Statutes.

C. Require the Defendant to reinstate the Plaintiff to his same position and pay at the time of his termination.

D. Award the Plaintiff lost wages from the date of termination forward.

E. Award reasonable attorney's fees and costs to the Plaintiff for the prosecution of this action.

F. Award such other relief in law and equity which this court deems just and proper to make the Plaintiff whole.

## VERIFICATION

I, Rudell Jones, swear or affirm that I have read the above charge and complaint of discrimination, all of which is true to the best of my knowledge, information and belief.

*[signature]*
RUDELL JONES

COMMONWEALTH OF KENTUCKY  )
                          )SS:
COUNTY OF JEFFERSON       )

The foregoing instrument was acknowledged, subscribed and sworn to before me by Rudell Jones, a notary public this 22 day of March 2004.

*[signature]*
Notary Public, Special Commission

My Commission Expires: 1/3/07

Prepared by:

*[signature]*
Bethanni E. Forbush-Moss
Forbush-Moss Law Office, PLLC
730 West Main Street, Suite 730
Louisville, KY 40202